### UNITED STATES v. LAMAR.

### In re LAMAR.

(District Court, S. D. New York. October 13, 1913.)

BAIL (§ 80*)—COMPLIANCE—FORFEITURE—DEFENSES.

Accused, having been indicted in New York, was arrested in Washington, D. C., and on being taken before a commissioner pleaded not guilty and was released on bond for his appearance in the District Court of the Southern District of New York on October 7, 1913. Bail was given, but accused was surrendered by his principal, the surrender accepted, and an exoneretur issued purporting to discharge the surety, whereupon accused filed a petition for a writ of habeas corpus, and a writ of certiorari returnable October 10th, pending which accused was again released on bail. *Held* that, accused having voluntarily given bond for his appearance in the District Court of New York on October 7th, such contract was binding, and, he not having so appeared, the surrender and habeas corpus proceedings were no defense to forfeiture of his bond.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 328–334; Dec. Dig. § 80.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Prosecution by the United States against David Lamar, alias David H. Lewis. On application to forfeit defendant's bond. Granted.

H. Snowden Marshall, U. S. Atty., of New York City (Harold. Harper, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Henry E. Davis, of Washington, D. C., for defendant.

HUNT, Circuit Judge. Indictments were returned against David Lamar in the Southern district of New York on July 17 and 25, 1913. Bench warrants were issued and returned not found. On September 11, 1913, Lamar was arrested in Washington, D. C., by the marshal for the District of Columbia to whom had been issued a warrant by the United States commissioner for that district; the assistant United States attorney having made complaint to the commissioner based on the indictments above referred to. Lamar pleaded not guilty and was released on $3,000 bond to appear before the commissioner on September 17th. On September 17th Lamar was present at the hearing by the commissioner and was also represented by counsel. Copies of the indictments and bench warrants from the District Court of the United States for the Southern District of New York were received in evidence over the objection of Lamar's counsel, and Lamar's identity was admitted. The evidence consisted solely of the copies of the indictments and bench warrants and the admission of identity of Lamar, and it appeared to the commissioner that the laws of the United States had been violated as charged in the complaint and that there was probable cause to believe the defendant guilty of the alleged offenses. The commissioner therefore ordered that Lamar give bail in the sum of $3,000 for his appearance in this court on October 7th, or be committed. Lamar elected to give bail, and Mr. George W. Ray went on his bond. On October 4th Mr. Ray surrendered his principal to the commissioner. The commissioner, over the objection of the United States attorney, accepted the surrender and issued an exoneretur purporting to discharge Mr. Ray as bondsman. Lamar, over the objection of counsel for the United States, was then committed to the custody of the marshal for the District of Columbia, but immediately thereafter filed a petition in the Supreme Court of the District of Columbia for a writ of habeas corpus and a writ of certiorari in aid thereof. Writ was issued returnable on October 10th, and it is stated in court that Lamar was released on bail pending the return and hearing.

In this court on October 7th, Lamar failing to appear, the United States attorney moved for a forfeiture of the bond given for Lamar's appearance on that day. Counsel for Lamar objected to the granting of the motion, and on October 8th argument was heard from counsel for Lamar and for the United States. The United States attorney presented a letter he had received from counsel for Ray, surety on the bond, calling attention to the surrender to the commissioner in the District of Columbia of his principal and requesting that he be notified if the bond was to be forfeited so that he might have an opportunity to produce the body of his principal. There was also filed a transcript of the proceedings before the commissioner in the District of Columbia

and a copy of the petition for a writ of habeas corpus heretofore referred to, as well as copies of the exoneretur and the order of recommitment issued by the commissioner upon Lamar's surrender by his surety. From these papers the facts as above set forth appear.

The bond for appearance here not having been complied with, what does Lamar now present to this court as an excuse for default? He is not unable to comply, for he voluntarily proceeded in habeas corpus and has obtained bail in the District of Columbia pending disposition of that matter. Whether the bail bond voluntarily given in the original hearing in the District of Columbia was satisfied or exonerated by the surrender to the commissioner and the order of that official, and whether as a necessary consequence the District Court for the Southern District of New York may not enter judgment upon the bond, are questions to be tested after action may be instituted upon a forfeiture within this district. But Lamar having voluntarily given the bond for his appearance here in person, it must, on this motion, be held that his contract to appear is binding and that he cannot voluntarily remain away and informally ask, through counsel, that the usual procedure of the federal courts in forfeiture be put aside.

It is not to be presumed, however, that the several proceedings had within the District of Columbia by application for a writ of habeas corpus and by the surrender to the commissioner and that the order of commitment were in bad faith, or that the failure to appear in this court upon October 7th was due to purpose merely to interfere with the regular proceedings in this district. Under such circumstances, therefore, this court may exercise a discretion in the matter of ordering the forfeiture applied for by the United States district attorney. Accordingly, to the end that Lamar may have an opportunity to comply with his bond and come within the Southern District of New York, here to respond in person to any indictments that are now pending against him, formal order of forfeiture will be held in abeyance until Wednesday, October 15, 1913, at 10:30 o'clock a. m. If by that time Lamar makes appearance, the court will make no order of forfeiture; but, if he fails to respond, order will be made as prayed for.

NOTE.—Lamar failed to appear and the forfeiture was ordered on October 15th.